UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA   JS-6

# CIVIL MINUTES - GENERAL

| Case No. | EDCV 11-1064 PSG (SPx) | Date | October 12, 2011 |
|---|---|---|---|
| Title | B&L Enterprises, LLC v. Robert A. Roberto | | |

Present: The Honorable Philip S. Gutierrez, United States District Judge

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff(s):  Attorneys Present for Defendant(s):

Not Present   Not Present

**Proceedings:** (In Chambers) Order REMANDING case to state court

On July 8, 2011, Defendant Robert A. Roberto ("Defendant") filed a notice of removal of a civil action for unlawful detainer brought by Plaintiff B&L Enterprises, LLC ("Plaintiff"). After reviewing Defendant's notice of removal and the underlying complaint, the Court finds that it lacks subject matter jurisdiction over this case. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004) (observing that a court is required to consider *sua sponte* whether it has subject matter jurisdiction).

Generally, subject matter jurisdiction is based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity between the parties, *see* 28 U.S.C. § 1332. If at any time before the entry of final judgment it appears that the Court lacks subject matter jurisdiction over a case removed from state court, it must remand the action to state court. *See* 28 U.S.C. § 1447(c); *Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund,* 500 U.S. 72 (1991). There is a "strong presumption" against removal jurisdiction, and the party seeking removal always has the burden of establishing that removal is proper. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). If there is any doubt as to the propriety of removal, federal jurisdiction must be rejected. *Id.* at 567. Furthermore, "a defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal.,* 463 U.S. 1, 10 (1983).

The well-pleaded complaint rule requires a federal question to be evident from the face of the plaintiff's complaint for jurisdiction under 28 U.S.C. § 1331 to exist. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Here, the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law. Thus, from the face of the complaint, no basis for federal question jurisdiction exists.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 11-1064 PSG (SPx) | Date | October 12, 2011 |
|---|---|---|---|
| Title | B&L Enterprises, LLC v. Robert A. Roberto | | |

    Defendant's notice of removal alleges federal question jurisdiction because of Plaintiff's alleged violations of the Truth in Lending Act, 15 U.S.C. § 1640, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605, the Homeowners Equity Protection Act, 15 U.S.C. § 1602, Generally Accepted Accounting Principles and the Fair Debt Collection Practices Act. *Not.* 2:5-15. Under the well-pleaded complaint rule, a defendant's federal claims or defenses may not serve as a basis for removal. *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 822 (9th Cir. 1985) ("The federal question must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal.") (internal quotation marks omitted); *Le v. Young Champions Recreation Programs*, 2008 U.S. Dist. LEXIS 36074, 3-4 (C.D. Cal. Apr. 30, 2008).

    Furthermore, the Court notes that there is no diversity jurisdiction in this matter. For a federal court to exercise diversity jurisdiction, there must be "complete" diversity between the parties and the amount in controversy requirement must be met. *See Strawbridge v. Curtis*, 7 U.S. (3 Cranch) 267, 267 (1806); 28 U.S.C. § 1332(a). Here, Defendant's notice of removal fails to establish Plaintiff's state of incorporation or principal place of business. Also, from the face of Plaintiff's complaint, it is apparent that Defendant will be unable to prove that the amount in controversy exceeds $75,000, exclusive of attorney's fees and costs, as Plaintiff seeks $50 per day, beginning on May 10, 2011. As of today, the total sought would only equal $7,800. Thus, diversity jurisdiction is lacking.

    For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this matter and therefore REMANDS the case.

    **IT IS SO ORDERED.**

_____ : _____

Initials of Deputy Clerk    IR for WH